IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JUSTIN ALLEN PLATT, | § | CASE NO. 11-12367-CAG-7 |
| DEBTOR. | § | |
| | § | |
| | § | |
| WILL RHODES, | § | |
|     PLAINTIFF | § | |
| | § | |
| v. | § | ADV. NO. 11-01266 |
| | § | |
| JUSTIN ALLEN PLATT, | § | |
|     DEFENDANT. | § | |

## WILL RHODES' MOTION FOR RELIEF FROM AUTOMATIC STAY

TO THE HONORABLE JUDGE OF SAID COURT:

Will Rhodes, creditor and party in interest in the above referenced bankruptcy case files this his Motion for Relief from Automatic Stay, and in support thereof would show this Court as follows:

### I.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core matter pursuant to 28 U.S.C. § 157(b). Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### II.

### BACKGROUND

2. On May 2, 2011 Will Rhodes filed a lawsuit styled *Will Rhodes v. Justin Allen*

*Platt*, Cause No. D-1-GN-11-001302, in the 250th Judicial District Court, Travis County, Texas, prior to Platt's bankruptcy filing. A copy of the Original Petition is attached hereto as Exh. "A" Platt answered the lawsuit, and after he was served with subpoena asked to have his deposition rescheduled (a request that Rhodes' counsel agreed to permit). Platt then called Plaintiff's counsel shortly before his re-scheduled deposition to say that he would not be attending the deposition because he was going to declare bankruptcy instead.

3. On September 29, 2011 (the "Petition Date"), Justin Allen Platt (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

### III.

### **RELIEF REQUESTED**

4. Section 362(d)(1) of the United States Bankruptcy Code provides that, on request of a party in interest and after notice and hearing, the court shall grant relief from the automatic stay for cause. 11 U.S.C. § 362(d)(1). Rhodes asks that this Court grant relief from the automatic stay and refer the determination of willful & malicious injury, liability and damages in the personal injury action against Debtor to state court in Travis County, Texas.

5. Congress recognized that in some circumstances it would be appropriate to modify the automatic stay "for cause" to permit an action to proceed before another tribunal. *In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D.Utah 1984). The decision is necessarily one involving an exercise of the court's discretion. *Id.*, citing *In re Olmstead*, 608 F.2d 1365, 1367 (10th Cir.1979) (where the court found that it is within the bankruptcy court's discretion to determine how a contingent or unliquidated claim will be liquidated, whether by judgment of another court or by its own determination). The bankruptcy court exercises the power to modify or vacate the stay "according to the particular circumstances of the case and is to be guided by considerations that

Will Rhodes' Motion for Relief from Automatic Stay – Page 2

under the law make for the ascertainment of what is just to the claimants, the debtor and the estate." *Id.*, citing <u>Foust v. Munson Steamship Lines, 299 U.S. 77, 83, 57 Ct. 90, 93, 81 L.Ed. 49 (1936)</u>.

6. One who seeks relief from the automatic stay must, in the first instance, establish a legally sufficient basis, *i.e.*, "cause," for such relief. *In re Curtis*, 40 B.R. 795 at 803. The burden then lies with the debtor to demonstrate that it is entitled to the stay. *Id.* Courts look to several factors to determine whether a movant has met its burden of proof on the issue of cause. The *Curtis* case sets out the twelve factors courts consider when determining cause. *In re U.S. Brass Corp.*, 176 B.R. 11, 13 (Bankr. E.D. Texas 1994), *citing In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D.Utah 1984). The twelve factors are not assigned equal weight, and only factors relevant to the particular case need to be considered. *In re U.S. Brass Corp.*, 176 B.R. at 14, *citing In re Keene Corp.*, 171 B.R. 180 (Bankr. S.D.N.Y. 1994). Here, relevant factors include: (1) whether relief would result in partial or complete resolution of the issues; (2) the interests of judicial economy and the expeditious and economical resolution of litigation. *In re Curtis*, 40 B.R. at 799-800.

7. Rhodes has sued the Debtor for, among other things, assault and battery and intentional infliction of emotional distress. He has alleged that Debtor intentionally caused him serious bodily injury. Pursuant to 11 U.S.C. § 523(a)(6) a person is not permitted to discharge a debt based on willful and malicious injury by the debtor to another entity. In *In re Williams*, 337 F.3d 504 (C.A.5 (Tex.), 2003) the court discussed the test to determine whether a debt is excepted from discharge under 11 U.S.C. 523(a)(6):

> A debtor acts with implied malice when he acts "with the actual intent to cause injury." . . .The test for willful and malicious injury under Section 523(a)(6), thus, is condensed into a single inquiry of whether there exists "either an objective substantial certainty of harm or a subjective motive to cause harm" on the part of the debtor. *See also* Texas v. Walker, 142 F.3d 813, 823 (5th Cir.1998) (stating " 'for willfulness and malice to prevent discharge under Section 523(a)(6), the debtor must have intended the actual injury that resulted.' ... 'Intent to injure may be established by showing that the debtor intentionally took action that necessarily caused, or was substantially certain to cause, the injury.' ")

*In re Williams*, 337 F.3d at 509.

8.  Here, the Debtor assaulted Rhodes and intentionally and maliciously caused serious bodily injury. Rhodes asks the Court to lift the automatic stay and send the lawsuit back to Texas state court in Travis County, Texas for determination of the issues of intentional and maliciously injury, liability and damages. Upon resolution of those issues in the State court proceeding, the Court would be able to determine the dischargability of the debt. If the Court does not refer the issue of intentional and malicious injury to State court but instead determines that issue here and finds that Rhodes injuries were inflicted intentionally and maliciously by debtor, the issue of damages will still need to be referred to State court. For this reason, referral to State court would promote the following *Curtis* factors:

**(1) whether relief would result in partial or complete resolution of the issues.**

Any money owed to Rhodes by the Debtor as a result of a verdict finding intentional and malicious injury constituting assault and battery or intentional infliction of emotional distress in the personal injury case brought against Debtor will be nondischargeable under section 523(a)(6). Relief from the automatic stay to continue the personal injury case would result in complete resolution of whether the Debtor will have a large nondischargeable debt owed to Rhodes;

**(2) the interests of judicial economy and the expeditious and economical resolution of litigation.**

The interests of judicial economy and expeditious and economical resolution of litigation will also be served by granting relief from the automatic stay. Rhodes

filed his original petition against Debtor on May 2, 2011. Since then, Debtor's deposition has been taken. Debtor has not sought any discovery from Rhodes. Rhodes has not sought further discovery from Debtor. Rhodes anticipates obtaining further discovery from Debtor regarding witnesses to the events in question. Moving the suit at this point will serve all parties best interest as the State Court is better suited to conduct pre-trial proceedings and conduct a trial of a personal injury lawsuit.

WHEREFORE, PREMISES CONSIDERED, Will Rhodes respectfully request that this Court grant him relief from the automatic stay under 11 U.S.C. 362(d)(1) of the United States Bankruptcy Code and allow the Texas state court to make the determination of the issues of intentional and maliciously injury, liability and damages in Rhodes' personal injury suit against the Debtor. Rhodes further requests such other and further relief as he may show himself justly entitled.

        Respectfully submitted,

        SKELTON & WOODY
        P.O. Box 1609
        Austin, Texas   78767-1609
        Telephone: (512) 651-7000
        Facsimile: (512) 651-7001

By:   /s/ Edward F. Kaye
      Stephanie Clark
      State Bar No. 24013071
      sclark@skeltonwoody.com
      J. Hampton Skelton
      State Bar No. 18457700
      hskelton@skeltonwoody.com
      Edward F. Kaye
      State Bar  No. 24012942
      ekaye@skeltonwoody.com

      **ATTORNEYS FOR CREDITOR WILL RHODES**

## CERTIFICATE OF SERVICE

I, Edward F. Kaye, hereby certify that on the 18 day of May, 2012, the foregoing Motion was electronically served upon the Chapter 7 Trustee, Ron Satija, and upon other parties in interest who have previously filed notices of appearance herein through the Court's CM/ECF electronic noticing system, and on the same date, a true and correct copy of the foregoing Motion was served upon each of the following parties by depositing same in the United States mail, first class postage prepaid, and properly addressed as follows:

United States Trustee
903 San Jacinto Blvd., Suite 230
Austin, TX 78701-2450

Ron Satijja
P.O. Box 1443
Austin, Texas 78767-1443
*Chapter 7 Trustee*

Michael V. Baumer
7600 Burnet Road, Suite 530
Austin, Texas 78757
*Attorney for Debtor*

Travis County District Clerk
P. O. Box 679003
Austin, Texas 78767-9003

GE Capital/Care Credit
P. O. Box 981439
El Paso, Texas 79998-1439

GE Money Bank/Gap
P. O. Box 981439
El Paso, Texas 79998-1439

WFNNB-Trek
P. O. Box 659465
San Antonio, Texas 78265-9465

Justin Allen Platt
7201 Hart Lane #1069
Austin, Texas 78731-2411

/s/ Edward F. Kaye
Edward F. Kay

Will Rhodes' Motion for Relief from Automatic Stay – Page 6